UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAN WONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-CV-11642-DJC |
| ) | |
| RESOLVE TECHNOLOGY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT RESOLVE TECHNOLOGY'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Defendant Resolve Technology ("Resolve") hereby opposes Plaintiff's Motion For Leave To Amend Complaint (the "Motion to Amend").

**INTRODUCTION AND SUMMARY**

Plaintiff's Motion to Amend should be denied because the proposed amended complaint (the "Proposed Amended Complaint") is futile and does not (and cannot) plead Plaintiff's allegations in a way that would state a viable cause of action. The Proposed Amended Complaint reduces Plaintiff's three original causes of action to two: one for disability discrimination in violation of the ADA and one for "policy and practice discrimination." Both claims are fundamentally defective.

*First*, Plaintiff's proposed amended ADA claim again fails on the grounds that she has not adequately pleaded the requisite exhaustion of her administrative remedies. Plaintiff cannot get around the unavoidable fact that her claim before the Massachusetts Commission Against Discrimination ("MCAD") was based solely on her "perceived AIDS," not her "TMJ and head injury" or anything else as she now claims. Plaintiff's

original perceived AIDS claim was based on her employer's perception of a physical condition allegedly causing the termination. The "TMJ and head injury" claim that Plaintiff now seeks to pursue is based on whether her employer reasonably accommodated a physical disability. It cannot be argued that her MCAD complaint for "perceived AIDS" in any way encompassed her claim based on "TMJ and head injury." Accordingly, she has failed to exhaust her administrative remedies on her TMJ and head injury claim and the Proposed Amended Complaint is futile as a matter of law.

*Second*, Plaintiff's claim for "policy and practice discrimination," when analyzed, is nothing more than a reconfigured breach of contract claim. Such a claim is futile as a matter of law because, as demonstrated in the Memorandum In Support Of Resolve's Motion To Dismiss Plaintiff's Complaint For Failure To State A Claim Pursuant To Federal Rule Of Civil Procedure 12(b)(6) Or, In The Alternative, Rule 56 (hereinafter, the "Motion to Dismiss"), Massachusetts does not recognize breach of contract claims for employees at will. As the offer letter signed by Plaintiff, and referenced in her original complaint (the "Complaint"), clearly states, Plaintiff's employment was at-will and could be terminated "at any time, for any reason." Thus, the Proposed Amended Complaint's second count for "Policy and Practice Discrimination" is also futile and the Motion to Amend should be denied.

**LEGAL STANDARD**

Amendment of pleadings is largely a matter within the discretion of the district court. *See Farkas v. Texas Instruments, Inc.*, 429 F.2d 849, 851 (1st Cir. 1970). Leave to file under Rule 15 "is freely given when justice so requires" absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive. *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962); *Maine State Bldg and Constr. Trades Council, AFL CIO v. United States Dep't of Labor*, 359 F.3d 14, 18-19 (1st Cir. 2004); *Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996). In determining whether a proposed amendment to a complaint would be "futile," the court must determine whether the complaint fails to state a claim upon which relief could be granted. *See Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009). Where, as here, "leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the 'futility' label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6)." *Hatch v. Dep't for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001).

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "the pleadings standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

To decide a Rule 12(b)(6) motion, a court accepts all well-pleaded facts as true viewing them in the light most favorable to the plaintiff. *Rosenberg v. City of Everett* 328 F.3d 12, 15 (1st Cir. 2003). To survive the motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

## PLEADED ALLEGATIONS AND BACKGROUND

In February 2007, Plaintiff Shan Wong was hired as a Business Analyst by Resolve. *See* Complaint at ¶ 2; Proposed Amended Complaint at "Facts" ¶ 1. She signed an offer letter setting forth the terms and conditions of her employment. *See* Exhibit A to the Motion to Dismiss. Those terms and conditions indicated that her employment was at-will. *See id.* at ¶ 4. On September 4, 2007, Resolve terminated Plaintiff's employment. *See* Complaint at ¶ 3; Proposed Amended Complaint at "Facts" ¶¶ 3-5.

In both the Complaint and the Proposed Amended Complaint, plaintiff alleges that during her employment at Resolve, she "was seeking medical treatment for TMJ and head injury." Complaint at ¶ 4; Proposed Amended Complaint at "Facts" ¶ 6. She alleges that "she was entitled to disability accommodation under ADA and company policy [and] in addition she was eligible to apply for short term disability under the company's benefit." Complaint at ¶ 5; Proposed Amended Complaint at "Facts" ¶ 7.

Plaintiff previously filed a charge with the MCAD concerning her termination from Resolve. *See* Exhibit B to the Motion to Dismiss. In that charge, which was filed

4

on December 19, 2007, she alleged that she was discriminated against by Resolve based upon the perception that she had AIDS. *See id.* at Investigative Disposition, p. 1. She made no claim that Resolve had failed to accommodate her TMJ or head injury. Her complaint was later dismissed for lack of probable cause. *See id.* at 4.

Plaintiff filed her *pro se* Complaint in this Court on September 27, 2010. Resolve moved to dismiss the Complaint on January 6, 2011. On February 15, 2010, Plaintiff filed the Motion to Amend and attached the Proposed Amended Complaint, which seeks to reduce Plaintiff's causes of action from three claims to the following two claims: (1) an ADA claim for "disability discrimination"; and (2) a claim for "policy and practice discrimination" based on an allegation that Resolve did not apply its own policies to Plaintiff.

## ARGUMENT

**I.     PLAINTIFF'S PROPOSED AMENDED COMPLAINT STILL FAILS TO ALLEGE EXHAUSTION OF REMEDIES NECESSARY FOR AN ADA CLAIM.**

"The ADA "mandates compliance with the administrative procedures specified in Title VII of the Civil Rights Act of 1964 . . ." *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 277 (1st Cir. 1999). "[A] claimant who seeks to recover for an asserted violation of Title I of the ADA . . . first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits." *Id.* at 278. Here, the Proposed Amended Complaint is futile as a matter of law because Plaintiff does not (and cannot) establish that she exhausted her administrative remedies with the EEOC or the MCAD concerning her alleged discrimination on the basis of her disability, "TMJ and head injury." Instead, the

Proposed Amended Complaint states that Resolve "discriminated against her based on mental disability." *See* Proposed Amended Complaint at ¶ 20. That is a far cry from her MCAD petition, which focused solely on a charge of discrimination based on "perceived AIDS." *See* Exhibit B to Resolve's Motion to Dismiss. Followings its investigation, the MCAD dismissed Plaintiff's MCAD complaint on the grounds that it was "unable to conclude that the information obtained establishes a violation of the statutes." *See id.* The MCAD's investigative disposition contained an extensive discussion of the issues and facts related to her "perceived AIDS" claim and made no reference to a claim of "TMJ and head injury." *See id.*

Plaintiff's own exhibit to her proposed amended complaint further reinforces the conclusion that perceived AIDS, and not her "TMJ and head injury" or anything else, was the subject of her MCAD complaint. In her March 2008 letter to the MCAD (the "MCAD Letter"), she makes it plain that she believed that Resolve terminated her when it "found out that my husband was HIV positive." *See* Exhibit A to Proposed Amended Complaint at 1. She goes on to state that she can "prove that Resolve did terminate me because I was perceived to be HIV positive." *Id.* Her "Summary Position" included the following explanation of the basis of her claim:

> I was discriminated against on the basis of perceive [sic] to be HIV positive during my employement [sic] from July 2007 to August 2007. They terminated me immediately when they knew that I was assoicating [sic] with a person who is HIV positive. Resolve perceived that I was HIV positive as well.

*Id.* While the MCAD Letter mentions Plaintiff's TMJ and head injury, it does not state that the TMJ and head injury were causally related to Resolve's alleged discrimination. *See id.* at 2.

6

Because Plaintiff made no complaint before the MCAD that she was being discriminated against based on her "TMJ and head injury," she cannot be said to have exhausted her administrative remedies. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47 (1974) (holding that, as a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge). As the First Circuit has stated, in order for the exhaustion requirement to fulfill its purpose, the plaintiff is required to exhaust *each claim* of discrimination. *See Davis v. Lucent Tech., Inc.*, 251 F.3d 227, 231 (1st Cir. 2001). A claim before the MCAD on one charge does not allow a plaintiff to bring a federal lawsuit on a wholly different charge. *See Tayag v. Lahey Clinic Hospital, Inc.,* 677 F. Supp. 2d 446, 454-55 (D. Mass. 2010) (holding that MCAD claim for "disability" did not exhaust remedies for federal claim of discrimination). The purposes of administrative exhaustion "would be frustrated if the employee were permitted to allege one thing in the administrative charge and later allege something entirely different in a subsequent civil action." *Lattimore v. Polaroid Corp.*, 99 F.3d 456, 464 (1st Cir. 1996). "The scope of the civil complaint is … limited by the charge filed with the EEOC and the investigation which can reasonably be expected to grow out of that charge." *Powers v. Grinnell Corp.,* 915 F.2d 34, 38 (1st Cir. 1990) (citation omitted).

Given the facts as recited above, Plaintiff's disability discrimination claim cannot be said to have been raised before the MCAD nor was it within the MCAD's investigation. "To be within the investigatory scope, the agency must be informed of the claim in the complaint or during the period of investigation." *Ianetta v. Putnam Invs., Inc.*, 142 F. Supp. 2d 131, 134 (D. Mass. 2001). In this case, Plaintiff so squarely charged that her "perceived AIDS" status was the basis of her claim, that it cannot be said

that the MCAD, which thoroughly investigated Resolve's knowledge of her husband's HIV positive status, could reasonably uncover discrimination based on her "TMJ and head injury." *See, e.g., Johnson v. Chevron Corp.*, No. C 07-5756 SI, 2009 WL 1404699, at *11 (N.D. Cal. May 19, 2009) ("Plaintiff's EEOC/DFEH Charge of Discrimination referenced only his work-related injuries, not his HIV/AIDS status. [ ] Plaintiff cannot file an EEOC/DFEH Charge of Discrimination based on one type of disability, and then sue based on a different disability."); *Schwertfager v. City of Boynton Beach*, 42 F. Supp. 2d 1347, 1355 n.7 (S.D. Fla. 1999) (administrative claim for physical disability did not exhaust remedies on later raised claim for mental disability); *Davis v. Alhambra Nat'l Water Co.*, No. C-97-3290-VRW, 1999 WL 33435, at *2 (N.D. Cal. Jan. 20, 1999); *Moore v. City of Overland Park*, 950 F. Supp. 1081, 1086 (D. Kan. 1996) (holding that discrimination claims based on different disabilities from the disability mentioned in the administrative complaint failed to satisfy the exhaustion requirement and were therefore barred).

Accordingly, because the Proposed Amended Complaint still fails to allege the necessary prerequisites for bringing an ADA claim based on her "TMJ and head injury", the Motion to Amend should be denied as futile and the original claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice, as it cannot be saved by any amendment.[1]

---

[1] Resolve maintains that Plaintiff's action is untimely as set forth in its Motion to Dismiss.

## II. PLAINTIFF'S "POLICY AND PRACTICE DISCRIMINATION" CLAIM IS FUTILE BECAUSE PLAINTIFF WAS AN "AT WILL" EMPLOYEE AND HAS NO LEGAL BASIS FOR A BREACH OF CONTRACT ACTION AGAINST RESOLVE.

Plaintiff's proposed claim for "Policy and Practice Discrimination" – which is in essence a breach of contract claim – is futile as a matter of law because Plaintiff was an "at will" employee, and therefore could be terminated at any time without cause. *See Shen v. Biogen Idec Inc.*, 523 F. Supp. 2d 48, 53-54 (D. Mass. 2007) ("Massachusetts law allows either party to terminate an at-will employment contract without reason.") (citing *Ford v. American Airlines, Inc.*, No. 89-2577-K, 1991 WL 311900, at **1-2 (D. Mass. July 29, 1991).

As an initial matter, while there is, as a theoretical matter, a claim for "policy and practice" discrimination under Title VII and the ADA, that claim is based on the theory that a particular employer's policies or practices have a *disparate impact* on a protected class. *See, e.g., EEOC v. Steamship Clerks Union, Local 1066*, 48 F.3d 594, 600-601 (1st Cir. 1995). The Proposed Amended Complaint, however, does not include any allegation that Resolve's policies had a disparate impact on any particular class. *See* Proposed Amended Complaint at "Count II" at ¶¶ 4-6. Instead, Plaintiff's claim is that Resolve failed to live up to its obligations to her pursuant to Resolve's company policy concerning disability accommodations. *See id.* at ¶ 5. Such a claim sounds in breach of contract, not the ADA.

Because Plaintiff's claim is one for breach of contract, it is futile in light of her at-will employment. Plaintiff's at-will employment status is readily determined from her employment contract with Resolve. Plaintiff previously referenced her "employment agreement" with Resolve in her original Complaint, without attaching it. *See* Complaint

9

at ¶¶ 18, 19, and 20 (referring to "employment agreement" and "terms of employment"). Resolve attached that employment contract to its Motion to Dismiss as Exhibit A.[2] That document sets forth very clearly that Plaintiff's employment was "at-will." Exhibit A to Motion to Dismiss, at 2. Accordingly, because Plaintiff's employment with Resolve was at-will, she cannot make a claim for breach of her employment contract related to her termination. *See Shen*, 523 F. Supp. 2d at 53-54. The fact that Resolve had a company policy in place concerning accommodation of disabilities is of no use to Plaintiff in establishing a breach of contract claim. *Jackson v. Action for Boston Cmty Dev., Inc.*, 403 Mass. 8, 14-15 (1988) (providing a company policy to an employee cannot alter the at-will nature of the employment absent additional circumstances that clearly reflect the intention of the parties to do so).[3] In light of the definitively at-will nature of Plaintiff's employment contract, her amended claim fails as a matter of law and is therefore futile.

---

[2] As Resolve pointed out in its Motion to Dismiss, it is permissible for the Court to consider that employment contract without converting the Motion to Dismiss into a motion for summary judgment under Fed. R. Civ. P. 56. *See Clorox Co. v. Proctor & Gamble Commer. Co.*, 228 F.3d 24, 32 (1st Cir. P.R. 2000) (holding that courts "may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.")(citing *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996); *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993).

[3] Notably, in Resolve's offer letter to Plaintiff, Resolve plainly states that the letter merely provides "guidance" as to the company's policies and practices (*see* Exhibit A to Motion to Dismiss at ¶ 4), and that it reserves the right to change its policies and practices at any time in its sole discretion. (*See id.* at ¶ 5). These facts are consistent with the non-binding nature of the policies under *Jackson*.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion to Amend.

        Respectfully submitted,
        RESOLVE TECHNOLOGY,

        By its Attorneys,

        */s/ Ethan Z. Davis*
        Andrea Peraner-Sweet, Esq. (BBO #550515)
        Ethan Z. Davis, Esq. (BBO #668973)
        SALLY & FITCH, LLP
        One Beacon Street, 16th Floor
        Boston, MA 02110
        (617) 542-5542
        ezd@sally-fitch.com

Dated: March 1, 2011

## CERTIFICATE OF SERVICE

I, Ethan Z. Davis, hereby certify that this document filed through the ECF system will be sent electronically to any registered participants as identified on the Notice of Electronic Filing (NEF) and a paper copy will be sent to *pro se* plaintiff Shan Wong on March 1, 2011.

        */s/ Ethan Z. Davis*
        Ethan Z. Davis